IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Edgar R. Fryer, Jr., | ) | C/A No. 0:10-2811-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | **AND** |
| Accutrex Products, Inc.; Carlton Conrad, | ) | **REPORT AND RECOMMENDATION** |
| *General Manager*; Samuel Bruckner, *Vice* | ) | |
| *President*; Martin P. Beichner, Jr., *CEO*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Edgar R. Fryer, Jr., who is self-represented, filed this action against his former employer, Accutrex Products, Inc. ("Accutrex"), and members of its management. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss and for a more definite statement. (ECF No. 16.) Having carefully considered the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted in part.

### BACKGROUND

Fryer alleges that he worked for Accutrex in Lancaster, South Carolina from approximately November 1997 until February 1, 2010 when he was terminated. He appears to assert a claim for disparate treatment on the basis of his age as well as asserting various allegations relating to his employment benefits.

Page 1 of 8

DISCUSSION

A.   **Defendant Beichner's Motion to Dismiss**

Although a civil action is commenced by filing a complaint with the court, the Rules require that service on the defendants be effected within 120 days after the complaint is filed. See Fed. R. Civ. P. 3, 4(m). A defendant may challenge the sufficiency of service of process and seek dismissal of the case under Rule 12(b)(5). Further, failure to properly serve the summons and complaint deprives the court of personal jurisdiction over that defendant. Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); see also Fed. R. Civ. P. 12(b)(2) (providing that a defendant may seek dismissal of the case for lack of personal jurisdiction).

If a defendant is not served within the requisite time period, the court may order that service be made within a specified time rather than dismiss the case. See Fed. R. Civ. P. 4(m). Moreover, if the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id.

Here, Defendant Beichner correctly asserts that he has not been properly served with process in this matter. The record shows that Fryer is proceeding *in forma pauperis* and that the United States Marshal's Service attempted to serve Beichner by delivering a copy of the summons and complaint in the care of Beichner's co-defendants. This does not constitute effective service on Beichner under Rule 4. See Fed. R. Civ. P. 4(e). Moreover, it appears that the address provided by Fryer to the U.S. Marshal's Service for service upon Beichner was invalid. Thus, Fryer appears to have contributed to the problem in effecting proper service.

Courts have held that error by the U.S. Marshal can constitute good cause for failure to properly serve a defendant. See Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1287-88 (11th



Cir. 2009) (listing cases and holding that "the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff *through no fault of that plaintiff* constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)") (emphasis added). Here, it appears that even if delivery of the summons and complaint had been attempted in accordance with the Rules, valid service would not have been effected due to the faulty address. The court observes, however, that in such an instance, upon return of an unexecuted summons Fryer may have had the opportunity to correct the defect with sufficient time to effect proper service within the 120-day deadline. Accordingly, the court hereby directs that the U.S. Marshal, upon receipt of a new USM-285 form from Fryer providing a proper service address for Beichner, attempt to re-serve Beichner in accordance with Rule 4. If no proof of service is filed on or before September 1, 2011 indicating that Beichner has been effectively served, the court recommends dismissal of Defendant Beichner pursuant to Rules 4 and 12.[1]

**B.     Fryer's Claims**

    **1.     Rule 12 Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter,

---

[1] Although Fryer's *in forma pauperis* status permits him to rely on the U.S. Marshal to effect service, see Rule 4(c)(3), he is responsible for timely service and is of course free to ensure proper service on Beichner by alternate means consistent with Rule 4. See Rule 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").



accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Generally, the basis for granting a motion under Rule 12(e) is unintelligibility, rather than lack of detail. See 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 at 309-11 (3d ed. 2004) (discussing the differences between Rule 12(b)(6) and Rule 12(e)).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal

*PJG*

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### 2. ADEA Claim

As an initial matter, any ADEA claim Fryer seeks to raise may be asserted only against Accutrex and not the individual defendants. See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994); Jones v. Sternheimer, 387 Fed. Appx. 366, 2010 WL 2711305, at *2 (4th Cir. July 6, 2010).

Moreover, Fryer's allegations, even liberally construed, are insufficient to state a plausible claim for relief for an ADEA violation against Accutrex. Fryer merely alleges that he believes a younger person of less experience is doing his job. (See Compl. ¶ 23, ECF No. 1 at 4.). To state a plausible claim of age discrimination against Accutrex, Fryer must allege facts that, taken as true, plausibly state that Accutrex is liable for the misconduct alleged. Here, Fryer has alleged no misconduct. If he desires to assert such a claim, he should therefore be permitted to amend his complaint to include any facts he may allege that will state a plausible claim of age discrimination against Accutrex. See Fed. R. Civ. P. 15(a); but see Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) ("The law is well-settled that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part



of the moving party, or the amendment would be futile.") (internal quotation marks & citation omitted) (emphasis in original).

### 3.     Benefits Claims

Included in Fryer's Complaint are allegations relating to his employment benefits. (See Compl. ¶¶ 15-18, 20-21, ECF No. 1 at 3-4.) It is unclear whether Fryer intends to assert such claims independently or whether he includes these allegations as instances of discrimination in support of his claim of disparate treatment. To the extent these allegations are raised as additional claims independent of any employment discrimination claim, they are insufficiently pled. If they are intended as claims arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), they fail to include allegations necessary to state a plausible claim for relief under ERISA and are too vague and ambiguous to permit the defendants to prepare an adequate response. Additionally, even if the factual allegations were sufficient to state an ERISA claim, it appears that Fryer may not have named the proper defendant for such a claim. See generally 29 U.S.C. § 1132(c) (providing that, with certain exceptions, a money judgment against an employee benefit plan is enforceable only against the plan as an entity); § 1132(d)(2) ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."). Moreover, while the nature of the claims Fryer attempts to assert is unclear, many state law claims Fryer may attempt to raise in connection with these allegations would be preempted by ERISA. See 29 U.S.C. § 1144(a). Fryer should be permitted to

amend his complaint to assert facts setting forth a plausible and specific ERISA claim, if he so elects.[2]

### ORDER AND RECOMMENDATION

For the foregoing reasons and for the reasons set forth in the defendants' motion, the court recommends that the defendants' motion (ECF No. 16) be granted in part. Defendant Beichner should be re-served in accordance with the Federal Rules of Civil Procedure; if service is not effected within thirty days, Fryer's claims against Beichner should be dismissed pursuant to Rules 12(b)(5), 12(b)(2), and 4(m). To the extent Fryer raises an ADEA claim against Defendants Bruckner and Conrad, such claims should be dismissed. Finally, Fryer should be permitted to have thirty days to amend his Complaint to state a plausible ADEA claim against Defendant Accutrex, if he so elects, and to more definitely plead any ERISA claims he desires to assert against the appropriate party.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 2, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] The court observes that before Fryer can bring an ERISA claim in this court, he must exhaust his administrative remedies. See Gayle v. United Parcel Serv., 401 F.3d 222, 225 (4th Cir. 2005).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).