IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Edgar R. Fryer, Jr., | ) | C/A No. 0:10-2811-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | **AND** |
| Accutrex Products, Inc.; Carlton Conrad, *General Manager*; Samuel Bruckner, *Vice President*, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |

The plaintiff, Edgar R. Fryer, Jr., who is self-represented, filed this action against his former employer, Accutrex Products, Inc. ("Accutrex"), and members of its management. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss or, in the alternative, for a more definite statement. (ECF No. 52.)

The defendants previously sought to dismiss Fryer's Complaint in part based on their allegation that Fryer's Complaint failed to state a claim upon which relief may be granted. Upon review of the Complaint and the parties' arguments, this court found that to the extent that Fryer attempted to raise an ADEA claim against Defendants Bruckner and Conrad, such claims should be dismissed. The court also found that Fryer's Complaint failed to state a plausible ADEA claim. Similarly, to the extent that Fryer intended to file an ERISA claim, the court found that Fryer had

PJG

failed to state a plausible claim.[1]  However, the court recommended that Fryer be permitted to have thirty days to amend his Complaint to include sufficient facts to state a plausible ADEA claim against Defendant Accutrex and to more definitely plead any ERISA claims he desired to assert against the appropriate party.  (ECF No. 38.)  Fryer filed a proposed amended complaint (ECF No. 45) and the court's recommendation was adopted by the Honorable Joseph F. Anderson, Jr., United States District Judge.  (ECF No. 47.)  This matter was referred back to the undersigned for consideration of Fryer's proposed amended complaint.

A.     **Proposed Amended Complaint**

Upon review of the proposed amended complaint, the court observes that Fryer has only made minor changes to the Complaint.  Specifically, Fryer has (1) removed Defendants Conrad and Brucker from the caption as well as their corresponding informational paragraphs; (2) identified Brucker's and Conrad's position within Accutrex in two other paragraphs in the proposed amended complaint; (3) changed the time in proposed paragraph 12 (formerly paragraph 14) to "1:00 o'clock pm" from his previous allegation of "1:30 o'clock pm;" and (4) added a paragraph at the end alleging that the defendants "violated Section 623 [Section4](a)(1) of The Age Discrimination in Employment Act of 1967 by discharging Plaintiff, *Pro Se*, . . . *because of such individuals age*."  (ECF No. 45) (brackets, ellipses, and errors in original).  These changes do not include any additional facts that would state a plausible ADEA claim against Defendant Accutrex or an ERISA

---

[1] This court also found that Martin P. Beichner, Jr. had not be properly served in accordance with Federal Rule of Civil Procedure 4.  The court recommended that Fryer be given until September 1, 2011 to effect proper service on Beichner.  The court further recommended that, if no proof of service was filed on or before September 1, 2011, Beichner be dismissed pursuant to Rules 4 and 12.  Fryer failed to demonstrate that he timely effectuated proper service on Beichner and on September 8, 2001, Beichner was dismissed as a defendant in this matter. Therefore, any argument by Fryer concerning Beichner as a defendant in this matter has not been considered by the court.



claim. Accordingly, for the reasons discussed in the court's Report and Recommendation, the court finds that this amendment would be futile. Therefore, Fryer's motion to amend (ECF No. 45) is denied.

**B.     Motion to Dismiss**

Based on this court's determination that Fryer's amendment is futile, the court recommends for all the reasons stated in the court's Report and Recommendation on August 2, 2011 (ECF No. 38) and as discussed in the defendants' memorandum in support of dismissal (ECF No. 52), that this matter be dismissed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 20, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).