IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Edgar R. Fryer, Jr., | ) |
| | ) C/A No. 0:10-2811-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| Accutrex Products, Inc.; Carlton Conrad, | ) |
| General Manager; Samuel Bruckner, | ) |
| Vice President, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Edgar R. Fryer, Jr. is a former employee of Defendant Accutrex Products, Inc. ("Accutrex"). Plaintiff, proceeding pro se, filed a complaint on November 1, 2010, alleging that he had been wrongfully terminated. Although it is not clear, it appears that Plaintiff may be attempting to allege that he was discharged in violation of the Age Discrimination in Employment Act ("ADEA") and the Employee Retirement Income Security Act ("ERISA"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On February 25, 2011, Defendants filed a motion to dismiss and for a more definite statement (ECF No. 16). Defendants contend that they are forced to speculate as to the basis for Plaintiff's claims and that the allegations in the complaint are presented in a vague and ambiguous manners so as to fail to provide sufficient notice of Plaintiff's claims against Defendants. On February 28, 2011, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on April 22, 2011, to which

Defendants filed a reply on May 2, 2011. On August 2, 2011, the Magistrate Judge issued a Report and Recommendation in which she recommended that any ADEA claims against Defendants Bruckner and Conrad be dismissed and that Plaintiff be granted an extension of time to amend his complaint to state a plausible ADEA claim against Accutrex and to more definitely plead any ERISA claims. Plaintiff filed a motion to amend on September 2, 2011. On September 8, 2011, the Honorable Joseph F. Anderson adopted the Report and Recommendation.[1]

On September 15, 2011, Accutrex filed a response in opposition to Plaintiff's motion to amend. Accutrex also filed a motion to dismiss Plaintiff's amended complaint, or, in the alternative, for a more definite statement. (ECF No. 52). A second Roseboro order was sent to Plaintiff on September 16, 2011. On October 19, 2011, Plaintiff filed a reply to Accutrex's response in opposition to Plaintiff's motion to amend. Plaintiff filed no response to Accutrex's motion to dismiss or for a more definite statement.

On October 20, 2011, the Magistrate Judge issued an Order and Report and Recommendation in which she noted that Plaintiff made only minor changes to the complaint and failed to include additional facts that would state a plausible ADEA claim against Accutrex or an ERISA claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (holding that to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face") (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 556, 570 (2007)). Accordingly, the Magistrate Judge denied Plaintiff's motion to amend the complaint and recommended that the case be dismissed. Plaintiff filed no objections to the Report and Recommendation.

---

[1] The within action was reassigned to the undersigned on October 21, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motion to dismiss (ECF No.52) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

November 15, 2011

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**